UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIO GODHIGH,

    Petitioner,

v.                                                        Case No: 3:22-cv-616-BJD-PDB

R. CAHN,

    Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Mario Godhigh, an inmate of the Florida penal system, initiated this action by filing a document titled, "Petition for Writ of Mandamus" (Doc. 1). Petitioner has not paid the filing fee or moved to proceed as a pauper. In his petition, he alleges the property officer at Santa Rosa Correctional Institution took his tablet away from him out of retaliation. Petitioner asks the Court to direct the return of his tablet and to award him damages in the amount of $150,000.[1]

A federal court may issue a mandamus order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to

---

[1] This is not the first time Petitioner has sought the return of his tablet through a mandamus action. See Case No. 3:22-cv-00482-MMH-PDB (dismissed May 16, 2022).

the plaintiff." 28 U.S.C. § 1361. A person seeking mandamus relief must demonstrate (1) he has a clear right to the relief he seeks, (2) the defendant owes him a clear duty, and (3) he has no adequate remedy, meaning he "has exhausted all other avenues of relief." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003). The purpose of mandamus relief is to "enforce a right [that] has already been established," not to establish a legal right. Davis v. United States, 558 F. App'x 898, 901 (11th Cir. 2014) (quoting United States v. Nordbye, 75 F.2d 744, 746 (8th Cir. 1935)).

The sole named Respondent, R. Cahn, is not a federal officer. As such, the Court lacks jurisdiction to entertain Petitioner's petition. See, e.g., Lamar v. 118th Judicial Dist. Court of Tex., 440 F.2d 383, 384 (5th Cir. 1971) ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties."); Lawrence v. Miami-Dade Cnty. State Att'y Office, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."). And to the extent Petitioner seeks monetary damages, he has not properly commenced a civil action. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

If Petitioner believes corrections officials have violated his rights—constitutional, or otherwise—he should pursue any available remedies through the prison grievance procedure or through a civil rights action, as appropriate. But, if Petitioner seeks to initiate a non-frivolous civil rights action regarding the conditions of his confinement at Santa Rosa Correctional Institution, he should do so in the United States District Court for the Northern District of Florida.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of June 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Mario Godhigh